

| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |

Albert Russo
Cn 4853
Trenton, NJ  08650
(609) 587-6888
Standing Chapter 13 Trustee

**Order Filed on January 17, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Max Luc Picard
Sheryl Eileen Picard

Debtor(s)

Case No.: 18-16646 / CMG

Hearing Date:  08/15/2018

Judge: Christine M. Gravelle

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through five (5) is **ORDERED**.

**DATED: January 17, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**AMENDED ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through five (5) is **ORDERED**.

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 07/11/2018, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$2,550.00 PAID TO DATE

$1,076.00 for 56 months beginning 9/1/2018

**ORDERED** that the case is confirmed to pay 0% dividend to general unsecured creditors.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:
State of NJ

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that section(s) 3a as pertains to State of NJ is stricken from the Chapter 13 Plan.

**ORDERED** that the claim of NJ Division of Taxation (secured), court claim #6-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Debtor attorney fee of $1,510.00 will be paid through the Chapter 13 Plan per Disclosure of Compensation filed 4/19/2018.

*Order Confirming Chapter 13 Plan*    *Page 5 of 5*

United States Bankruptcy Court
District of New Jersey

In re:  
Max Luc Picard  
Sheryl Eileen Picard  
      Debtors

Case No. 18-16646-CMG  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 1      Date Rcvd: Jan 17, 2019  
                   Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2019.  
db/jdb         +Max Luc Picard,    Sheryl Eileen Picard,    11 Albert Drive,    Old Bridge, NJ 08857-2529

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                 TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2019                                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2019 at the address(es) listed below:  
           Albert   Russo    docs@russotrustee.com  
           Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD1, Mortgage Pass-Through Ce dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
           Joel R. Glucksman    on behalf of Creditor    Old Bridge Municipal Utilities Authority jglucksman@sh-law.com  
           Kevin Gordon McDonald    on behalf of Creditor    THE BANK OF NEW YORK MELLON kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com  
           Kevin Gordon McDonald    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New York, as successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD1, Mortgage Pass-Through Ce kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com  
           U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
           William H. Oliver, Jr.    on behalf of Debtor Max Luc Picard bkwoliver@aol.com, R59915@notify.bestcase.com  
           William H. Oliver, Jr.    on behalf of Joint Debtor Sheryl Eileen Picard bkwoliver@aol.com, R59915@notify.bestcase.com  
                                                                                           TOTAL: 8